```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

    **vs.**                                                          2:23-cr-037(1)
                                                                                   JUDGE MICHAEL H. WATSON

**OUSMANE DIANE**

## REPORT AND RECOMMENDATION

    Defendant Ousmane Diane previously pleaded not guilty to an *Indictment* that charges him with two counts of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Counts 1 and 2) and two counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1), (b)(2) (Counts 3 and 4). *Indictment*, ECF No. 10. The *Indictment* also contains a forfeiture provision against this defendant. *Id*. The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 105, executed under the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to Counts 1, 2, and 3 of the *Indictment*.[1] On October 18, 2023, defendant personally appeared with his counsel at a change of plea proceeding.

    Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25

---

[1] The *Plea Agreement* does not specify a fine or term of supervised release; the parties agree that these terms are left to the determination of the District Judge. The parties also agree that the mandatory special assessment should be $300.00 and that the reference to $ 400.00 in the *Plea Agreement* is a typographical error. In addition to specifying certain sentencing terms, the *Plea Agreement* includes an appellate waiver provision that preserves only certain claims for appeal, collateral challenge, or motion for reduction of sentence. In the *Plea Agreement*, defendant also agrees to forfeiture and restitution obligations. Although the *Plea Agreement* addresses possible immigration consequences of the guilty plea, defendant testified that he was born in the United States.

Fed. Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges against him in the *Indictment* and the consequences of his plea of guilty to Counts 1, 2, and 3. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the *Plea Agreement* filed on October 5, 2023, represents the only promises made by anyone regarding the charges against him in the *Indictment*.[2] Defendant was advised that the District Judge may accept or reject the *Plea Agreement*. Defendant was further advised that, if the District Judge refuses to accept the *Plea Agreement*, defendant will have the opportunity to withdraw his guilty plea but that, if he does not withdraw his guilty plea under those circumstances, the District Judge may impose a sentence that is more severe than the sentence contemplated in the *Plea Agreement*, up to the statutory maximums.

---

[2] The *Plea Agreement* and the *Statement of Facts* attached to the *Plea Agreement* are signed by defense counsel on defendant's behalf. Defendant testified that he expressly authorized his counsel to sign the documents on defendant's behalf.

Defendant confirmed the accuracy of the *Statement of Facts* supporting the charges, which is attached to the *Plea Agreement*. He confirmed that he is pleading guilty to Counts 1, 2, and 3 of the *Indictment* because he is in fact guilty of those crimes. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 1, 2, and 3 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 1, 2, and 3 of the *Indictment* be accepted. Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in the forfeiture of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and*

Recommendation.  See *United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

October 18, 2023                                  *s/  Norah McCann King*
 Date                                              Norah McCann King
                                           United States Magistrate Judge

4